UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DONALD AND BONNIE POLLARD,
4000 Annie Sunn Lane
Lac du Flambeau, WI 54538

JAMES AND KAREN BAIRD,
3963 S. Annie Sunn Lane
Lac du Flambeau, WI 54538

BIG CROOKED BIG TOP, LLC
4006 Annie Sunn Lane
Lac du Flambeau, WI 54538

JAMES WILLIAM MILNE,
3935 S. Annie Sunn Lane
Lac du Flambeau, WI 54538

SANDRA P. THOMPSON                          Case No. 3:23-cv-135
3984 S. Annie Sunn Lane
Lac du Flambeau, WI 54538                   JURY TRIAL DEMANDED

KEVIN AND BARBARA CHRISTENSEN,
3675 Center Sugarbush Lane
Lac du Flambeau, WI 54538

DAVID AND TERESA KIEVET,
AS TRUSTEES OF THE DAVID M. AND
TERESA R. KIEVET LIVING TRUST
DATED MAY 27, 2020,
3625 Center Sugarbush Lane
Lac du Flambeau, WI 54538

SUE PETERSON,
AS CO-TRUSTEE OF THE MARK J.
PETERSON AND SUSAN M. PETERSON
REVOCABLE LIVING TRUST
DATED MARCH 22, 2001
3685 Center Sugarbush Lane
Lac du Flambeau, WI 54538

SPANTON CONTRACTING LLC,
3681 Center Sugarbush Lane
Lac du Flambeau, WI 54538

MICHAEL AND NANCY CLARK
14900 Redpoll Lane
Lac du Flambeau, WI 54538

JOSEPH AND SALLY FERMANICH
14906 Redpoll Lane
Lac du Flambeau, WI 54538

JOSEPH AND MARTHA HUNT,
14862 Redpoll Lane
Lac du Flambeau, WI 54538

STANLEY AND JENNIFER GRIDLEY JOHNSON,
2411 East Ross Allen Lake Lane
LAC DU FLAMBEAU, WI 54538

ANTHONY AND NANCY MARKOVICH,
14857 Big Thunder Lane
Lac du Flambeau, WI 54538

DAVID P. MIESS AND SANDRA J. SCHLOSSER,
14880 Redpoll Lane
Lac du Flambeau, WI 54538

MICHAEL HORNBOSTEL AND MARSHA PANFIL,
14886 Redpoll Lane
Lac du Flambeau, WI 54538

DENNIS AND RACHEL PEARSON,
2540 East Ross Allen Lake Lane
Lac du Flambeau, WI 54538

ROBERT AND NICOLE BEER,
2583 Elsie Lake Lane
Lac du Flambeau, WI 54538

JOHN DISCH AND MARY POSSIN,
12593 Elsie Lake Lane
Lac du Flambeau, WI 54538

GARY AND CHRISTINE HUCK
AS TRUSTEES OF THE
GARY J. HUCK TRUST,
12615 Elsie Lake Lane
Lac du Flambeau, WI 54538

JULIE M. KILGER,
12605 Elsie Lake Lane
Lac du Flambeau, WI 54538

and

STEVEN AND SHARON LEFEBER
AND RYAN LEFEBER,
AS TRUSTEES OF THE
STEVEN P. LEFEBER TRUST
12662 Elsie Lake Lane
Lac du Flambeau, WI 54538

                    Plaintiffs,

          v.

JOHN JOHNSON, SR.,
President of the Lac du Flambeau
Band of Lake Superior Chippewa Indians
418 Little Pines Road
Lac du Flambeau, WI 54538

GEORGE W. THOMPSON,
Vice President of the Lac du Flambeau
Band of Lake Superior Chippewa Indians
418 Little Pines Road
Lac du Flambeau, WI 54538

WILLIAM J. STONE,
Treasurer of the Lac du Flambeau
Band of Lake Superior Chippewa Indians
418 Little Pines Road
Lac du Flambeau, WI 54538

JAMIE ANN MARIE ALLEN,
Secretary of the Lac du Flambeau
Band of Lake Superior Chippewa Indians
418 Little Pines Road
Lac du Flambeau, WI 54538

RAYMOND ALLEN,
Member of the Lac du Flambeau Band of
Lake Superior Chippewa Indians Tribal Council
418 Little Pines Road
Lac du Flambeau, WI 54538

3

JEFFERY BAUMAN, SR.,
Member of the Lac du Flambeau Band of
Lake Superior Chippewa Indians Tribal Council
418 Little Pines Road
Lac du Flambeau, WI 54538

ERIC CHAPMAN, SR.,
Member of the Lac du Flambeau Band of
Lake Superior Chippewa Indians Tribal Council
418 Little Pines Road
Lac du Flambeau, WI 54538

LYLE THOMAS CHAPMAN,
Member of the Lac du Flambeau Band of
Lake Superior Chippewa Indians Tribal Council
418 Little Pines Road
Lac du Flambeau, WI 54538

PAULA POUPART,
Member of the Lac du Flambeau Band of
Lake Superior Chippewa Indians Tribal Council
418 Little Pines Road
Lac du Flambeau, WI 54538

LOUIS ST. GERMAINE,
Member of the Lac du Flambeau Band of
Lake Superior Chippewa Indians Tribal Council
418 Little Pines Road
Lac du Flambeau, WI 54538

JOSEPH WILDCAT, SR.,
Member of the Lac du Flambeau Band of
Lake Superior Chippewa Indians Tribal Council
418 Little Pines Road
Lac du Flambeau, WI 54538

and

PATRICIA ZIMMERMAN,
Member of the Lac du Flambeau Band of
Lake Superior Chippewa Indians Tribal Council
418 Little Pines Road
Lac du Flambeau, WI 54538

                    Defendants.

## COMPLAINT

Plaintiffs, by their attorneys, Reinhart Boerner Van Deuren s.c., as and for their Complaint against the Defendants, aver and show to the Court as follows:

### NATURE OF THE ACTION

1.      This action seeks injunctive and declaratory relief from the Defendants' ongoing violations of federal law that have caused, and continue to cause, an imminent threat to the safety, health and well-being of, and irreparable harm to, the Plaintiffs and others similarly situated. Plaintiffs seek an injunction requiring Defendants to remove the roadway barricades that they have, or caused to be, erected to block, in violation of law, ingress and egress over four public roads and a declaratory judgment of this court that such roads must be, and remain, open to public access.

2.      As averred in detail below, the Defendants took the law into their own hands and illegally barricaded public roadways, despite the fact that they must be "open and available to public use" under federal law. The Defendants also installed cameras and threatened Plaintiffs that any attempt to use the unlawfully barricaded roadways would be subject to criminal prosecution for trespass.

3.      Defendants' unlawful actions have caused an ongoing grave risk to public health, safety and welfare as well as irreparable harm to Plaintiffs and others similarly situated.

### JURISDICTION AND VENUE

4.      Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1331 because this case arises under the Constitution, laws, or treaties of the United States. More specifically, this

action involves the interpretation of federal laws regarding Indian reservation roads and tribal transportation systems, including without limitation 23 U.S.C. 101, *et seq*. and 25 C.F.R. Part 170.

5.      Defendants are the officers and members of the Tribal Council of the Lac du Flambeau Band of Lake Superior Chippewa Indians (the "Tribe").  They acted unlawfully to assert that they have a "right to limit access" to certain public roadways in the Town of Lac du Flambeau, Wisconsin (the "Town") and to barricade, or cause to barricaded, public roads in violation of federal law.  Hence, Defendants are subject to the jurisdiction of this court.

6.      Venue is appropriate in the Western District of Wisconsin pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because the Plaintiffs and Defendants all have residences in Vilas County in the State of Wisconsin; and/or because all or a substantial part of the events giving rise to the claim occurred in Vilas County; and/or because all of the property that is the subject of the action is situated in Vilas County.

## PARTIES

### Plaintiffs

7.      Plaintiffs Donald and Bonnie Pollard (the "Pollards") are adult individuals who own a residence at the address 4000 Annie Sunn Lane, Lac du Flambeau, WI 54538.

8.      Plaintiffs James and Karen Baird (the "Bairds") are adult individuals who own a residence at the address 3963 Annie Sunn Lane, Lac du Flambeau, WI 54538.

9.      Plaintiff Big Crooked Lake Top LLC ("Big Crooked LLC") is a Wisconsin limited liability company, which owns a residence at the address 4006 Annie Sunn Lane, Lac du Flambeau, WI 54538.

10.      Plaintiff James William Milne ("Milne") is an adult individual who owns a residence at 3935 S. Annie Sunn Lane, Lac du Flambeau, WI 54538.

11.     Plaintiff Sandra P. Thompson ("Thompson") is an adult individual who owns a residence at the address 3984 Annie Sunn Lane, Lac du Flambeau, WI 54538.

12.     Plaintiffs Kevin and Barbara Christensen ("Christensens") are adult individuals who own a residence at the address 3675 Center Sugarbush Lane, Lac du Flambeau, WI 54538.

13.     Plaintiffs David and Teresa Kievet ("Kievets") are adult individuals and trustees of the David M. and Teresa R. Kievet Living Trust, dated May 27, 2020, which owns a residence at the address 3625 Center Sugarbush Lane, Lac du Flambeau, WI 54538.

14.     Plaintiff Sue Peterson ("Peterson") is an adult individual and co-trustee of the Mark J. Peterson and Susan M. Peterson Revocable Living Trust, dated March 22, 2001, which owns a residence at the address 3685 Center Sugarbush Lane, Lac du Flambeau, WI 54538.

15.     Plaintiff Spanton Contracting LLC is a Wisconsin limited liability company, which owns a residence at the address 3681 Center Sugarbush Lane, Lac du Flambeau, WI 54538.

16.     Plaintiffs Michael and Nancy Clark ("Clarks") are adult individuals who own a residence at the address 14900 Redpoll Lane, Lac du Flambeau, WI 54538.

17.     Plaintiffs Joseph and Sally Fermanich ("Fermanichs") are adult individuals who own a residence at the address 14900 Redpoll Lane, Lac du Flambeau, WI 54538.

18.     Plaintiffs Joseph and Martha Hunt ("Hunts") are adult individuals who own a residence at the address 14862 Redpoll Lane, Lac du Flambeau, WI 54538.

19.     Plaintiffs Stanley Johnson and Jennifer Gridley Johnson ("Johnsons") are adult individuals who own a residence at the address 2411 East Ross Allen Lake Lane, Lac du Flambeau, WI 54538.

20.     Plaintiffs Anthony and Nancy Markovich ("Markoviches") are adult individuals who own a residence at 14857 Big Thunder Lane, Lac du Flambeau, WI 54538.

21.     Plaintiffs David P. Miess ("Miess") and Sandra J. Schlosser ("Schlosser") and adult individuals who own a residence at 14880 Redpoll Lane, Lac du Flambeau, WI 54538.

22.     Plaintiffs Michael Hornbostel ("Hornbostel") and Marsha Panfil ("Panfil") are adult individuals who own a residence at 14866 Redpoll Lane, Lac du Flambeau, WI 54538.

23.     Plaintiffs Dennis and Rachel Pearson ("Pearsons") are adult individuals who own a residence at the address 2540 East Ross Allen Lake Lane, Lac du Flambeau, WI 54538.

24.     Plaintiffs Robert and Nicole Beer ("Beers") are adult individuals who own a residence at the address 12583 Elsie Lake Lane, Lac du Flambeau, WI 54538.

25.     Plaintiffs John Disch ("Disch") and Mary Possin ("Possin") are adult individuals who own a residence at the address 12593 Elsie Lake Lane, Lac du Flambeau, WI 54538.

26.     Plaintiffs Gary and Christine Huck ("Hucks") are adult individuals and trustees of the Gary J. Huck Trust, which owns a residence at the address 12615 Elsie Lake Lane, Lac du Flambeau, WI 54538.

27.     Plaintiff Julie M. Kilger ("Kilger") is an adult individual who owns a residence at the address 12605 Elsie Lake Lane, Lac du Flambeau, WI 54538.

28.     Plaintiffs Steven, Sharon and Ryan Lefeber ("Lefebers") are adult individuals and trustees of the Steven P. Lefeber Trust, which owns a residence at the address 12662 Elsie Lake Lane, Lac du Flambeau, WI 54538.

**Defendants**

29.     Defendant John Johnson, Sr. is the President of the Lac du Flambeau Band of Lake Superior Chippewa Indians, whose office is located at 418 Little Pines Road in Lac du Flambeau, WI 54538.

30.     Defendant George Thompson is the Vice President of the Lac du Flambeau Band of Lake Superior Chippewa Indians, whose office is located at 418 Little Pines Road in Lac du Flambeau, WI 54538.

31.     Defendant William J. Stone is the Treasurer of the Lac du Flambeau Band of Lake Superior Chippewa Indians, whose office is located at 418 Little Pines Road in Lac du Flambeau, WI 54538.

32.     Defendant Jamie Ann Marie Allen is the Secretary of the Lac du Flambeau Band of Lake Superior Chippewa Indians, whose office is located at 418 Little Pines Road in Lac du Flambeau, WI 54538.

33.     Defendant Raymond Allen is a Member of the Lac du Flambeau Band of Lake Superior Chippewa Indians Tribal Council, whose office is located at 418 Little Pines Road in Lac du Flambeau, WI 54538.

34.     Defendant Jeffery Bauman, Sr. is a Member of the Lac du Flambeau Band of Lake Superior Chippewa Indians Tribal Council, whose office is located at 418 Little Pines Road in Lac du Flambeau, WI 54538.

35.     Defendant Eric Chapman, Sr. is a Member of the Lac du Flambeau Band of Lake Superior Chippewa Indians Tribal Council, whose office is located at 418 Little Pines Road in Lac du Flambeau, WI 54538.

36.     Defendant Lyle Thomas Chapman is a Member of the Lac du Flambeau Band of Lake Superior Chippewa Indians Tribal Council, whose office is located at 418 Little Pines Road in Lac du Flambeau, WI 54538.

37.     Defendant Paula Poupart is a Member of the Lac du Flambeau Band of Lake Superior Chippewa Indians Tribal Council, whose office is located at 418 Little Pines Road in Lac du Flambeau, WI 54538.

38.     Defendant Louis St. Germaine is a Member of the Lac du Flambeau Band of Lake Superior Chippewa Indians Tribal Council, whose office is located at 418 Little Pines Road in Lac du Flambeau, WI 54538.

39.     Defendant Joseph Wildcat, Sr. is a Member of the Lac du Flambeau Band of Lake Superior Chippewa Indians Tribal Council, whose office is located at 418 Little Pines Road in Lac du Flambeau, WI 54538.

40.     Defendant Patricia Zimmerman is a Member of the Lac du Flambeau Band of Lake Superior Chippewa Indians Tribal Council, whose office is located at 418 Little Pines Road in Lac du Flambeau, WI 54538.

## PLAINTIFFS' ACCESS TO AND FROM THEIR HOMES IS BLOCKED

41.     The only roadway access to the Pollards' property is via Annie Sunn Lane, which access now has been blocked because of the barricade Defendants unlawfully placed on the road, as averred below.

42.     The only roadway access to the Bairds' property is via Annie Sunn Lane, which access now has been blocked because of the barricade Defendants unlawfully placed on the road, as averred below.

43.     The only roadway access to Big Crooked LLC's property is via Annie Sunn Lane, which access now has been blocked because of the barricade Defendants unlawfully placed on the road, as averred below.

10

44.     The only roadway access to Mr. Milne's property is via Annie Sunn Lane, which access now has been blocked because of the barricade Defendants unlawfully placed on the road, as averred below.

45.     The only roadway access to Ms. Thompson's property is via Annie Sunn Lane, which access now has been blocked because of the barricade Defendants unlawfully placed on the road, as averred below.

46.     The only roadway access to the Christensens' property is via Center Sugarbush Lane, which access now has been blocked because of the barricade Defendants unlawfully placed on the road, as averred below.

47.     The only roadway access to the Kievets' property is via Center Sugarbush Lane, which access now has been blocked because of the barricade Defendants unlawfully placed on the road, as averred below.

48.     The only roadway access to Ms. Peterson's property is via Center Sugarbush Lane, which access now has been blocked because of the barricade Defendants unlawfully placed on the road, as averred below.

49.     The only roadway access to the Spanton Contracting LLC's property is via Center Sugarbush Lane, which access now has been blocked because of the barricade Defendants unlawfully placed on the road, as averred below.

50.     The only roadway access to the Clarks' property is via East Ross Allen Lake Lane, which access now has been blocked because of the barricade Defendants unlawfully placed on the road, as averred below.

51.     The only roadway access to the Fermanichs' property is via East Ross Allen Lake Lane, which access now has been blocked because of the barricade Defendants unlawfully placed on the road, as averred below.

52.     The only roadway access to the Hunts' property is via East Ross Allen Lake Lane, which access now has been blocked because of the barricade Defendants unlawfully placed on the road, as averred below.

53.     The only roadway access to the Johnsons' property is via East Ross Allen Lake Lane, which access now has been blocked because of the barricade Defendants unlawfully placed on the road, as averred below.

54.     The only roadway access to the Markoviches' property is via East Ross Allen Lake Lane, which access now has been blocked because of the barricade Defendants unlawfully placed on the road, as averred below.

55.     The only roadway access to the Mr. Miess' and Ms. Schlosser's property is via East Ross Allen Lake Lane, which access now has been blocked because of the barricade Defendants unlawfully placed on the road, as averred below.

56.     The only roadway access to Mr. Hornbostel's and Ms. Panfil's property is via East Ross Allen Lake Lane, which access now has been blocked because of the barricade Defendants unlawfully placed on the road, as averred below.

57.     The only roadway access to the Pearsons' property is via East Ross Allen Lake Lane, which access now has been blocked because of the barricade Defendants unlawfully placed on the road, as averred below.

58.     The only roadway access to the Beers' property is via Elsie Lake Lane, which access now has been blocked because of the barricade Defendants unlawfully placed on the road, as averred below.

59.     The only roadway access to the Mr. Disch's and Ms. Possin's property is via Elsie Lake Lane, which access now has been blocked because of the barricade Defendants unlawfully placed on the road, as averred below.

60.     The only roadway access to Ms. Kilger's property is via Elsie Lake Lane, which access now has been blocked because of the barricade Defendants unlawfully placed on the road, as averred below.

61.     The only roadway access to the Hucks' property is via Elsie Lake Lane, which access now has been blocked because of the barricade Defendants unlawfully placed on the road, as averred below.

## THE ROADWAYS AT ISSUE

62.     Annie Sunn Lane, Center Sugarbush Lane, East Ross Allen Lake Lane, and Elsie Lake Lane (individually, "Roadway" and, collectively, the "Roadways") cross over Indian land and non-Indian land within the exterior boundaries of the Lac du Flambeau Reservation.

63.     Each Roadway – including the portions that cross Indian land and the portions that cross non-Indian land - is a "public road," as defined in 23 U.S.C. 101(a)(27).

64.     Attached as Exhibit A is a survey completed in 2019 by Steigerwaldt Land Surveying, LLC ("Steigerwaldt") which shows and describes the 1916.1 feet (approximately .36 miles) of Annie Sunn Lane at issue.  In addition to the portion of Annie Sunn Lane shown on the survey, the Defendants have also barricaded that portion of Annie Sunn Lane (approximately .5 miles) running in a northerly and southerly direction between Little Trout Road and that portion shown of the survey.

65.     Attached as <u>Exhibit B</u> is a survey completed in 2018 by Steigerwaldt which shows and describes the 745.4 feet (approximately .14 miles) of Center Sugarbush Lane at issue.

66.     Attached as <u>Exhibit C</u> is a survey completed in 2018 by Steigerwaldt which shows and describes the 159.5 feet (approximately .03 miles) of East Ross Allen Lake Lane at issue.

67.     Attached as <u>Exhibit D</u> is a survey completed in 2019 by Steigerwaldt which shows and describes the 450.2 feet (approximately .085 miles) and the 781.2 feet (approximately .15 miles) of Elsie Lake Lane at issue.

## <u>THE ROADWAYS ARE PUBLIC UNDER FEDERAL LAW AND MUST BE KEPT OPEN TO THE PLAINTIFFS AND THE GENERAL PUBLIC</u>

68.     The federal Tribal Transportation Program (the "TTP"), formerly known as the Indian Reservation Roads Program ("IRR"), was established to help provide safe and adequate transportation and public road access to and within Indian reservations and lands.  23 U.S.C. § 101 *et seq*.

69.     The Tribe participates in the federal TTP.

70.     The Tribe has identified roads that are part of its "Tribal Transportation System." Such roads are listed in an inventory of tribal transportation facilities maintained by the Secretary of the Interior in cooperation with the Secretary of the Federal Highway Administration.  23 U.S.C. § 202(b)(1)(A).   The inventory is referred to as the National Tribal Transportation Facilities Inventory, or NTTFI.

71.     By law, the roads listed in the NTTFI are "public roads," i.e., roads that are under the jurisdiction of and maintained by a "public authority" (a federal, state, county, town or township, Indian Tribe, municipal or instrumentality with authority to maintain the road) (23 U.S.C. §101(a)(22); 25 C.F.R. §170.5) and that are open for public travel (25 C.F.R.§170.5).

72.     All roads listed in the NTTFI must be open and available for public use as required by 23 U.S.C. § 101(a)(31).  25 C.F.R. § 170.114(a).

73.     Each Roadway is listed in the NTTFI.

74.     Only the Secretary of the Interior or the public authority having jurisdiction over a road listed in the NTTFI may restrict road use or close roads temporarily. They may do so only in very limited circumstances and must "consult[] both with the Tribe and applicable private landowners" in doing so, unless there is a concern about "immediate safety or life-threatening situation[]." 25 C.F.R. §§ 170.114(a)-(b).

75.     The Tribe has identified the Town as the "owner," i.e. the public authority responsible for operating or maintaining a road, of each of the Roadways on the NTTFI. 52 IAM 9-H, §2.2.

76.     The Town maintains Center Sugarbush Lane, East Ross Allen Lake Lane, Elsie Lake Lane, and the north-south portion of Annie Sunn Lane.  Individual landowners who use Annie Sunn Lane maintain the east-west portion of that road.

77.     Over the years, the Tribe has signed various agreements with the Town of Lac du Flambeau, such as the Acknowledgement of Public Authority Responsibility (APAR) in 2007, whereby the Tribe agreed that the Roadways "will continue to be owned by the Town and opened to the public for travel."

78.     The Bureau of Indian Affairs ("BIA") has likewise opined that, because the Roadways are listed on the approved NTTFI (formerly IRR), the Roadways "must be open to the public."

79.     Upon information and belief, the Tribe receives federal funding for listing the Roadways on the NTTFI.

## THE DEFENDANTS UNLAWFULLY BARRICADED THE ROADWAYS

80.     In disregard of 25 C.F.R. §170.114(a), Defendants lacked, and continue to lack, the power to restrict access, or close, the Roadway.  Further, they failed, and continue to fail to consult with the Secretary of the Interior and/or the affected landowners, including Plaintiffs.

81.     Despite the Tribe's assurances that the Roadways are public and the fact that federal law clearly requires the Roadways to remain open to the public, on January 31, 2023, Defendants placed barricades across, the Roadways, or otherwise caused those barricades to be placed across the Roadways, thereby closing the Roadways and restricting or completely preventing the Plaintiffs' ability to get to and from their respective properties.

82.     Furthermore, in conjunction with placing the barricades to block the Roadways, Defendant President John Johnson, Sr.  announced that any non-Tribal members who went around the barricades to travel on the closed portions of the Roadways would be charged with trespass and criminally prosecuted.

83.     Defendants acted, and continue to act, unilaterally and in violation of law.  Both the decision to block and the placing of the barricades across the Roadways were ultra vires acts.

## UNLAWFUL ROAD CLOSURES HAVE CREATED A
## PUBLIC SAFETY EMERGENCY AND IMMINENT THREAT
## TO THE PUBLIC'S HEALTH, SAFETY AND WELFARE

84.     The barricades on each of the Roadways consist of two large concrete blocks with a locked chain between the blocks as well as a wooden barricade in front of the chain.  The barricades require keys to open the lock on the chain.  Defendants have given only a select few tribal members access to the keys and permission to open the chain lock.

85.   Here is a photo of Defendants' barricade blocking Annie Sunn Lane:



86.   Here is a photo of Defendants' barricade blocking Center Sugarbush Lane:



87.  Here is a photo of Defendants' barricade blocking East Ross Allen Lake Lane:



88.  Here is a photo of Defendants' barricade blocking Elsie Lake Lane:



89.     The barricades jeopardize the health, welfare and safety of the Plaintiffs and other residents on the Roadways.

90.     First responders, such as firefighters, non-tribal law enforcement officers, paramedics and emergency medical technicians will need to stop to open the locks on the barricades, which will lengthen the wait time for Plaintiffs to receive emergency response services.

91.     Snowbanks, trees and natural terrain in some areas prevent vehicles from going around the barricades, even in an emergency.

92.     The Roadways are the sole means of Plaintiffs' vehicular access to their respective properties.  With the Roadways closed, the Plaintiffs are completely landlocked.

93.     Because of the Defendants' actions, Plaintiffs cannot leave their residential neighborhoods, even to obtain basic necessities such as food, household items and health supplies.

94.     Plaintiffs are only permitted by Defendants to leave their residences if they have medical appointments, and even then, they must call tribal police to open the locked chains.  One time, it took tribal police 50 minutes to locate the correct key.

95.     Plaintiffs have been threatened by Defendants that, if they leave for any other reason, they will not be allowed back through the barricades to return to their homes.

96.     Plaintiffs are not only unable to drive vehicles past the barricades, but they have also been threatened with prosecution for criminal trespass if they go around the barricades on foot or by any other means.  In addition, cameras were installed at the barricades to monitor Plaintiffs' movements, resulting in further intimidation of the Plaintiffs.

97.     Although some Plaintiffs have had some limited ability to access basic necessities such as food by walking or snowmobiling across frozen lakes in the area, Plaintiffs' ability to do

so is quite literally disappearing; as the weather continues to warm up and the ice on top of the lakes melts, it will be too dangerous for Plaintiffs to attempt to walk or snowmobile across them.

98.     Some Plaintiffs and other residents impacted by Defendants' unlawful closure of the Roadways have been forced to flee their homes in order to ensure that critical care for infirm family members or for themselves is not interrupted.

99.     There is an absolute immediate need to reopen the Roadways to avert imminent harm to Plaintiffs and other residents similarly situated.

100.    Plaintiffs have been irreparably harmed and are continuing to be harmed by the Defendants' unlawful actions in barricading the Roadways.

101.    Plaintiffs and other landowners similarly situated are fearful of retaliation if they even attempt to use the Roadways or involved in this lawsuit.

102.    The Plaintiffs have attempted to negotiate with the Tribe to keep the roads open, but the Tribe has been completely unreasonable, demanding $10 million and then raising that demand to $20 million, leaving the Plaintiffs with no other remedy than to seek relief in Court.

## COUNT I
## (DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF)

103.    Plaintiffs hereby incorporate by reference the averments contained in the above paragraphs as though set forth fully herein.

104.    The controversy between the parties is substantial, immediate, and real. The barricades erected by the Defendants, which are preventing Plaintiffs from accessing their properties, are currently in place on the Roadways, and are causing Plaintiffs ongoing irreparable harm.

105.    The parties have adverse legal interests. While the Defendants have asserted that they can barricade the Roadways and that Plaintiffs' past and any future use of the Roadways constitutes a trespass, Plaintiffs as averred above rely on federal law as indisputably providing that the Roadways are public and must be kept open to the public pursuant to 25 C.F.R. § 170.114(a). These two assertions are mutually exclusive.

106.    The Court's decision on whether the Roadways are public and must be kept open to the public pursuant to 25 C.F.R. § 170.114(a) will resolve the controversy between the parties.

107.    Without injunctive relief from the Court, Defendants will continue to barricade the Roadways, continue to threaten the Plaintiffs and continue to prohibit Plaintiffs from traveling over public roads to and from their properties.

108.    Plaintiffs will continue to be irreparably harmed without immediate temporary injunctive relief and permanent injunctive relief pursuant to Fed. R. Civ. P. 65, together with a declaratory judgment from the Court pursuant to 28 U.S.C. §§ 2201 & 2202, requiring the Roadway barricades to be removed, prohibiting the Roadway barricades from being reconstructed, and requiring the Roadways to be kept open to the public in accordance with 25 C.F.R. § 170.114(a) and other applicable law.

## COUNT II
## (IN THE ALTERNATIVE, IMPLIED EASEMENT OR EASEMENT BY NECESSITY)

109.    Plaintiffs hereby incorporate by reference the averments contained in the above paragraphs as though set forth fully herein.

110.    If the Tribe takes action to remove the Roadways from the approved NTTFI, Plaintiffs have implied easements and/or easements by necessity to use the Roadways for access to and from their respective properties.

21

111. The land comprising the Lac du Flambeau Indian Reservation, including Plaintiffs' properties and the parcels improved by the Roadways, was reserved to the Tribe by the Treaty of 1854, 10 Stats., 1109.

112. Parcels of land on the Lac du Flambeau Reservation were appropriated to individual tribal members pursuant to the Treaty of 1854 and/or other federal law from whose successors Plaintiffs acquired title.

113. The only means of access to Plaintiffs' properties since severance of the parcels, has been by use of the roads within the unallotted part of the reservation, namely, the Roadways.

114. Without access to and use of the Roadways, Plaintiffs' properties are landlocked.

115. Plaintiffs are entitled to a declaratory judgment confirming that Plaintiffs have implied easements or easement by necessity for the benefit of their respective properties.

## PRAYER FOR RELIEF

**WHEREFORE**, for the foregoing reasons, Plaintiffs, by and through their attorneys, respectfully request that the Court enter judgment in their favor and against Defendants as follows:

(a)    A preliminary injunction requiring the Roadways be immediately reopened for public use.

(b)    A permanent injunction requiring the Roadways remain open for public use.

(c)    A declaration that the Roadways are public and must be kept open to the public pursuant to 25 C.F.R. § 170.114(a).

(d)    In the alternative, a declaration that the Plaintiffs have implied easements, easements by necessity, or both, to utilize the Roadways to get to and from their properties.

(e)    All other relief deemed just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs request a jury trial on all issues so triable.

Dated this 28th day of February 2023.

Reinhart Boerner Van Deuren s.c.
N16 W23250 Stone Ridge Drive
Suite 1
Waukesha, WI 53188

P.O. Box 2265
Waukesha, WI 53187-2265

Telephone:  262-951-4527
Facsimile:  262-951-4690

Signed electronically by:

*/s/ David G. Peterson*
David G. Peterson
WI State Bar ID No. 1001047
dgpeterson@reinhartlaw.com
Bridget M. Hubing
WI State Bar ID No. 1029356
bhubing@reinhartlaw.com
Olivia J. Schwartz
WI State Bar ID No. 1115787
oschwartz@reinhartlaw.com

Attorneys for Plaintiffs

48868054v5