UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DONALD AND BONNIE POLLARD,
et al.

                Plaintiffs,                        Case No. 3:23-CV-135

          v.

JOHN JOHNSON, SR.,
et al.

                Defendants.

---

**PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY BRIEF IN SUPPORT OF PLAINTIFFS' AMENDED MOTION FOR A PRELIMINARY INJUNCTION**

---

Plaintiffs respectfully move the Court for leave to file the attached reply brief in support of Plaintiffs' Amended Motion for Preliminary Injunction to address one crucial inaccuracy that is pervasive throughout, and heavily underlies, Defendants' Brief in Opposition to Plaintiffs' Amended Motion for a Preliminary Injunction ("Opposition Brief" or "Opp. Brief") (ECF No. 41), and that relates to a development that occurred *after* Plaintiffs filed their amended motion papers on March 27, 2023.

Defendants consistently rely in their Opposition Brief on the assertion that "the Roadways were removed from the NTTFI with immediate effect." ECF No. 41, Opp. Brief at 4–5; *see also id.* at 14, 16–17, 21, 28. But the effectiveness and finality of the Bureau of Indian Affairs' ("BIA") decision or act to remove the Roadways from the NTTFI are subject to the BIA's own regulations (and the Administrative Procedure Act) which—for the reasons more fully discussed in the attached proposed Reply Brief—make clear that the BIA's apparent "removal" of the Roadways from the NTTFI is ineffective and not final until all administrative appeals have been exhausted.

2

25 C.F.R. Part 2; 25 C.F.R. §§ 2.6(a)-(b) & 2.7(b)-(c). Therefore, although the Roadways may not appear on the face of the most recent (April 6, 2023) Midwest NTTFI online list, any decision to remove or act of removing the Roadways is not yet final because on April 12, 2023 an Appeal was filed, as further discussed in the attached proposed Reply Brief. The Roadways therefore are still on the NTTFI as a matter of substance and administrative law. 25 C.F.R. Part 2; 25 C.F.R. §§ 2.6(a)-(b) & 2.7(b)-(c).

Indeed, the clock that affects when the BIA's decision or act to remove the Roadways from the NTTFI becomes effective and final has not even started ticking yet, because of the plainly defective nature of the BIA's notice to Plaintiffs that obviously fails to abide by 25 C.F.R. § 2.7. Even assuming the BIA cures the notice defects under section 2.7(c) by re-issuing its notice of decision or action, section 2.6(a) precludes the Roadways' removal from the NTTFI from being final until, arguably at the earliest, the BIA appeal process has been exhausted.

Because Defendants heavily rely on the erroneous notion that the Roadways are no longer on the NTTFI to argue that Plaintiffs fall short on showing they will succeed on the merits, Plaintiffs respectfully request the Court allow Plaintiffs leave to file their proposed Reply Brief to address Defendants' crucial inaccuracy pervasive throughout Defendants' briefing that may impact the Court's analysis as to the merits of Plaintiffs' amended motion for a preliminary injunction.

Dated this 12th day of April, 2023.

49270068v2

Reinhart Boerner Van Deuren s.c.
N16 W23250 Stone Ridge Drive
Suite 1
Waukesha, WI 53188
Telephone:  262-951-4527
Facsimile:  262-951-4690

Signed electronically by:

*/s/ David G. Peterson*
David G. Peterson
WI State Bar ID No. 1001047
dgpeterson@reinhartlaw.com
Bridget M. Hubing
WI State Bar ID No. 1029356
bhubing@reinhartlaw.com
Olivia J. Schwartz
WI State Bar ID No. 1115787
oschwartz@reinhartlaw.com

*Attorneys for Plaintiffs*

3

49270068v2