UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DONALD AND BONNIE POLLARD,
et al.

                            Plaintiffs,

       v.

                                                  Case No. 3:23-cv-135

JOHN JOHNSON, SR.,
et al.

                          Defendants.

---

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF PLAINTIFFS' AMENDED MOTION
FOR A PRELIMINARY INJUNCTION**

---

Plaintiffs submit this Reply Brief in support of their Amended Motion for a Preliminary Injunction and in response to Defendants' Opposition Brief (ECF No. 41).

### **DISCUSSION**

Defendants constantly rely throughout their entire Opposition Brief on the assertion that "the Roadways were removed from the NTTFI with immediate effect." *See* Opp. Brief at 4–5, 14, 16–17, 21, 28 ("Plaintiffs are unlikely to win on the merits of their case, given the removal of the Roadways from the NTTFI . . . ."). However, the BIA's apparent "removal" of the Roadways from the NTTFI is ineffective and not final, because the Roadways are still on the NTTFI as a matter of substance and administrative law due to the BIA's own regulations that dictate when a BIA official's decision or action is deemed effective or final. 25 C.F.R. Part 2; 25 C.F.R. §§ 2.6(a)-(b) & 2.7(b)-(c). As discussed below, a Notice of Appeal has been filed, and for that reason among others discussed below, any decision removing the Roadways is not effective or final.

25 C.F.R. § 2.6(b) provides: "Decisions made by officials of the Bureau of Indian Affairs shall be effective when the time for filing a notice of appeal has expired and no notice of appeal

49270067v2

has been filed." *Id.* In order for the clock to start ticking on the time to file a notice of appeal (and thus expire), the BIA official must abide by the notice of decision or action requirements under § 2.7(c), which requires the notice of decision or action to contain "a statement that the decision may be appealed pursuant to this part, identify the official to whom it may be appealed and indicate the appeal procedures, including the 30–day time limit for filing a notice of appeal." *Id.* "Failure to give such notice shall not affect the validity of the decision or action but the time to file a notice of appeal regarding such a decision shall not begin to run until notice has been given in accordance with paragraph (c) of this section." § 2.7(b).

The only BIA document received by Plaintiffs regarding the BIA's attempted removal of the Roadways from the NTTFI is the March 30, 2023 letter from BIA Midwest Regional Director to Defendant Johnson. The letter obviously does not include any of the following required under § 2.7(c): (a) a statement that the decision may be appealed pursuant to 25 C.F.R. Part 2, (b) identification of the official to whom it may be appealed and indicate the appeal procedures, or (c) inclusion of the 30–day time limit for filing a notice of appeal. *See* ECF No. 43, J. Allen Aff., Ex. I, 03/30/2023 Letter from T. Poitra to J. Johnson. Thus, the time for Plaintiffs to file a notice of appeal[1] has not even started to run yet, rendering the BIA's decision to remove or action

---

[1] 25 C.F.R. § 2.3 uses broad language that makes it clear that 25 C.F.R. Part 2 applies to Plaintiffs and entitles them to appeal the BIA decision or action at issue here. Section 2.3(a) states that 25 C.F.R. Part 2 "applies to all appeals from decisions made by officials of the Bureau of Indian Affairs by **persons who may be adversely affected by such decisions**." (Emphasis added.) "Person[s]" "includes any Indian or non-Indian individual . . . ." 25 C.F.R. § 2.2. Section 2.2 also similarly defines "interested party": "any person whose interests could be adversely affected by a decision in an appeal." *Id.* Plaintiffs are non-Indian individuals who *may or could be adversely affected* by the BIA's decision or act regarding removal of the Roadways from the NTTFI, because this Court may hold that Defendants violated federal law by barricading public roads—i.e., the Roadways "must be open and available for public use" as required by 23 U.S.C. §§ 101(a)(22), (23), and (33); 23 U.S.C. §§ 201–202; and 25 C.F.R. §§ 170.5 & 170.114(a), and Defendants violated the law by unequivocally preventing the Roadways from being "open and available for public use" by Defendants barricading the Roadways. 25 C.F.R. § 170.114(a). If the Court were to make such a holding, removal of the Roadways from the NTTFI may adversely affect Plaintiffs because the NTTFI is one basis upon which Plaintiffs are entitled by law to access their homes. And it is hardly debatable that a person being denied access to their home is an adverse effect of the circumstance, decision, or act (BIA's decision or act) that resulted in such denial of access. *See* D. Pollard Decl. ¶¶ 13, 16 (ECF No. 13); J. Spanton Decl. ¶¶ 14,16 (ECF No. 16); R. Pearson Decl. ¶¶ 18, 22-24 (ECF No. 14); J. Kilger Decl. ¶¶ 9, 17 (ECF No. 15); M. Hornbostel Decl. ¶¶ 1-12 (ECF No. 31); M.

of removing the Roadways from the NTTFI ineffective, per 25 C.F.R. §§ 2.6(b) & 2.7(b)-(c), unless or until the BIA cures its plain procedural error by re-issuing a notice of decision or action and the appeal procedure is exhausted.

Nonetheless, Plaintiffs are not sitting on their hands. On April 12, 2023, Plaintiffs filed a notice of appeal with the BIA by depositing the notice of appeal in the mail. *See* 04/12/2023 D. Peterson Declaration at ¶ 3, Ex. A (copy of Plaintiffs' notice of appeal). The date on which the mail is postmarked is the date of filing. 25 C.F.R. § 2.9(a). Plaintiffs anticipate, due to the obvious defects of the courtesy copy of the March 30, 2023 BIA letter which notified Plaintiffs of the BIA decision or action at issue, the BIA may re-issue the notice of its decision or action that includes the requirements under § 2.7(c). This would then trigger the clock for filing a notice of appeal under sections 2.9 and 2.6, and depending on to whom the BIA says the appeal should be made as well as that official's decision, the notice of appeal clock would start or restart, which would continue to render the "removal" of the Roadways from the NTTFI ineffective and not final.

Even assuming the BIA re-issues its notice of decision or action that includes the requirements under section 2.7(c), Plaintiffs would have 30 days from the date of receipt of the BIA's cured notice of decision or action to file another notice of appeal, during which time the decision to remove the Roadways from the NTTFI would continue to remain ineffective.

Specifically, depending on to whom the BIA indicates the BIA's decision or action of removing the Roadways from the NTTFI may be appealed,[2] Plaintiffs would have 30 days to file a notice of appeal under either § 2.9(a)[3] or, if the BIA indicates that the appeal must go to the

---

Hunt Decl. ¶¶ 1-35 (ECF No. 32); M. Possin Decl. ¶¶ 1-15 (ECF No. 35); S. Fermanich Decl. ¶¶ 1-24 (ECF No. 36); J. Walsh Decl. ¶¶ 1-11 (ECF No. 34); J. Hunt Decl. ¶¶ 1-33 (ECF No. 33); P. Kester Decl ¶¶ 1-30 (ECF No. 17).

[2] *See* 25 C.F.R. § 2.4.

[3] 25 C.F.R. § 2.9(a): "An appellant must file a written notice of appeal in the office of the official whose decision is being appealed. The appellant must also send a copy of the notice of appeal to the official who will decide the appeal

Interior Board of Indian Appeals, 43 C.F.R. § 4.332(a).[4] Still, § 2.6(b) is clear that the BIA decision or action to remove the Roadways from the NTTFI would remain ineffective for at least the 30-day period that Plaintiff would have under BIA regulations to file another notice of appeal in response to a cured BIA notice of decision or action regarding removal of the Roadways from the NTTFI.

Yet another glaring regulatory preclusion for the effective removal of the Roadways from the NTTFI is section 2.6(a), which states: "No decision, which at the time of its rendition is subject to appeal to a superior authority in the Department, shall be considered final so as to constitute Departmental action subject to judicial review under 5 U.S.C. 704, unless when an appeal is filed, the official to whom the appeal is made determines that public safety, protection of trust resources, or other public exigency requires that the decision be made effective immediately." 25 C.F.R. § 2.6(a). Courts interpret this subsection to require administrative exhaustion in order for the BIA act at issue to be effective and final. *See Nulankeyutmonen Nkihtaqmikon v. Impson*, 573 F. Supp. 2d 311, 329–30 (D. Me. 2008), *aff'd*, 585 F.3d 495 (1st Cir. 2009)[5]; *Osage Producers Ass'n v.*

---

and to all known interested parties. The notice of appeal must be filed in the office of the official whose decision is being appealed within 30 days of receipt by the appellant of the notice of administrative action described in § 2.7."

[4] 43 C.F.R. § 4.332(a): "(a) A notice of appeal shall be in writing, signed by the appellant or by his attorney of record or other qualified representative as provided by 43 CFR 1.3, and filed with the Board of Indian Appeals . . . within 30 days after receipt by the appellant of the decision from which the appeal is taken."

[5] In *Impson*, the District Court excoriated the BIA for doing exactly what the BIA has done in this case in failing to notify interested parties of their right to administratively appeal the BIA action and making its action "effective immediately, thereby circumventing the stay provisions of [the BIA's] regulations." *Id.*, 573 F. Supp. at 330. The Court stated:

> **Section 2.7 acts with § 2.6 to make certain that an agency decision does not become effective until the time for administrative appeal is over and no notice of appeal has been filed.** If the interested parties have been given notice of their right to appeal under § 2.7 and fail to appeal, the decision becomes effective. 25 C.F.R. § 2.6(b). If, after notice, the interested parties appeal, the decision becomes effective only if "the official to whom the appeal is made determines that public safety, protection of trust resources, or other public exigency requires that the decision be made effective immediately." 25 C.F.R. § 2.6(a). This regulatory process—notice, automatic delay upon appeal, and a public interest determination—is designed to avoid presenting the objecting parties with a *fait accompli*. Consequently, "a BIA official may not make his/her own decision effective immediately. Only the BIA official at the next appeal level, or the Board in the case of an Area

*Jewell*, 191 F. Supp. 3d 1243, 1255 (N.D. Okla. 2016). Thus, only upon Plaintiffs exhausting their remedies with the BIA (assuming the BIA does not change course during the appeal process) would the Roadways *arguably* be no longer "listed" on the NTTFI like Defendants erroneously assert they currently are.

In essence, the purported "removal" of the Roadways from the NTTFI was not "with immediate effect" merely because the BIA Midwest Regional Director proclaimed as much in her March 30, 2023 letter. This BIA official's words do not usurp BIA regulations. *See Gavilan Petro., Inc. v. Acting Phoenix Area Director*, 25 IBIA 300, 303 n.2 (1994) ("The Area Director is reminded that [they] lack[] authority to make [their] own decision final for the Department or to place it into immediate effect. *See* 25 CFR 2.6(a); 43 CFR 4.314(a); *Stuart v. Acting Billings Area Director*, 25 IBIA 282, 289-90 (1994)."). The premature deletion of the Roadways from the most

---

Director's decision, may do so." *Stuart v. Acting Billings Area Dir.*, 25 IBIA. 282, 290 (1994) [*aff'd*, No. CV-94-043-GF-PGH (D. Mont. July 24, 1995); *aff'd*, No. 95-35978 (9th Cir. Mar. 14, 1997)].

Here, the BIA simply ignored its own regulations. When the BIA approved the ground lease between the Tribe and Quoddy Bay on June 1, 2005, it was aware that dissident tribal members objected to the lease and were determined to prevent the construction of the LNG terminal, but the BIA failed to notify the dissident members of their right to administratively appeal the lease approval. The regulations provide for this eventuality and effectively extend the time within which an appeal can be brought until notice is given. 25 C.F.R. § 2.7(b). Thus, as the BIA conceded, the appeal period for the Plaintiffs in this case is still running over three years after the lease approval.

If this were all the BIA failed to do, it would be self-sanctioning—extending the time period within which the interested parties can exercise their appellate rights. But, here, it seems that the BIA compounded its error by making its approval of the ground lease effective immediately, thereby circumventing the stay provisions of its regulations. At least, this is what the BIA represented to the Court of Appeals for the First Circuit: "NN places undue reliance upon the fact that the lease became effective and binding on the date it was signed." By failing to give the Plaintiffs notice as required by § 2.7 and failing to stay the effective date of its approval as required by § 2.6, the BIA did precisely what its regulations were promulgated to avoid—making critical agency decisions, failing to notify the interested parties, and allowing the consequences of the decision to become immediately effective without measuring the public interest.

The BIA has not offered a reason it failed to comply with its own regulations. A facially plausible basis would have been that the approval was contingent and the BIA's failure to notify the parties would seem consistent with its initial position in this case. But, the BIA has since not only disavowed its initial position, it has since admitted that even a contingent approval would have required administrative exhaustion. The upshot is that the BIA's actions are inexplicable. . . .

*Id.* at 329–30. (internal citations omitted) (emphasis added).

recent (April 6, 2023) Midwest NTTFI list, combined with the plainly defective notice of the decision provided to Plaintiffs as described above, does not supersede the BIA's own regulations. The "removal" was only "with immediate effect" in the sense that the Roadways were immediately deleted from the Midwest NTTFI online list despite the BIA's decision not being final or effective under 25 C.F.R. Part 2. Therefore, by law, the Roadways still remain listed on the NTTFI (*see* 25 C.F.R. §§ 2.6(b) & 2.7) and will remain on the NTTFI until (arguably, at the earliest) the BIA appeal process ends (25 C.F.R. § 2.6(a)).

## **CONCLUSION**

Because Defendants rely on the erroneous notion that the Roadways are no longer listed on the NTTFI to argue that Plaintiffs have not made a sufficient showing that they will succeed on the merits, Plaintiffs reaffirm that the Roadways must be open and available for public use as required by 23 U.S.C. §§ 101(a)(22), (23), and (33); 23 U.S.C. §§ 201–202; and 25 C.F.R. §§ 170.5 & 170.114(a), and Defendants violated the law by unequivocally preventing the Roadways from being "open and available for public use" by Defendants barricading the Roadways and will continue to violate the law if they barricade the Roadways in the future. The imminent threat of Defendants re-barricading the Roadways again (as described in detail in Plaintiff's Brief) calls for preliminary injunctive relief against Defendants.[6]

---

[6] 25 C.F.R. § 170.114(a): "(a) All Tribal transportation facilities **listed** in the approved NTTFI <u>must be open and available for public use</u> as required by 23 U.S.C. 101(a)([33])." (Emphasis added.)

Dated this 12th day of April, 2023.

Reinhart Boerner Van Deuren s.c.
N16 W23250 Stone Ridge Drive
Suite 1
Waukesha, WI 53188
Telephone:  262-951-4527
Facsimile:  262-951-4690

Signed electronically by:

/s/ *David G. Peterson*

David G. Peterson
WI State Bar ID No. 1001047
dgpeterson@reinhartlaw.com
Bridget M. Hubing
WI State Bar ID No. 1029356
bhubing@reinhartlaw.com
Olivia J. Schwartz
WI State Bar ID No. 1115787
oschwartz@reinhartlaw.com

*Attorneys for Plaintiffs*

49270067v2

7