UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DONALD AND BONNIE POLLARD,
et al.

                Plaintiffs,                Case No. 3:23-CV-135

                v.

JOHN JOHNSON, SR.,
et al.

                Defendants.

---

## JOINT RULE 26(f) REPORT

---

The Court will conduct a telephone scheduling conference in this matter under Fed. R. Civ. P. 16(b) on May 19, 2023 at 2:30 p.m. All parties participating should dial in to the call as follows:

        Dial Telephone Number: 855-797-9485

        Enter Access Code when prompted: 13617807

Participating in the call for Plaintiffs will be attorneys David G. Peterson, Bridget M. Hubing, Olivia J. Schwartz, and Samuel C. Sylvan of the law firm of Reinhart Boerner Van Deuren s.c. Participating in the call for Defendants will be attorneys Andrew Adams III, Leah K. Jurss, Samantha T. Hermsen, and Lorenzo E. Gudino of the law firm of Hogen Adams PLLC.

The parties held a telephonic conference pursuant to Federal Rule of Civil Procedure 26(f) on May 12, 2023. Attorney Peterson participated on behalf of Plaintiffs and Attorney Adams participated on behalf of Defendants.

I.     **Brief Description of the Case.**

This action seeks prospective injunctive and declaratory relief. Specifically, the thirty-eight named Plaintiffs seek an injunction requiring the Defendants to cease and desist their actions involving closure of, and/or their restricting use of, four roads in Lac du Flambeau, Wisconsin (Annie Sunn Lane, Center Sugarbush Lane, East Ross Allen Lake Lane, and Elsie Lake Lane (individually, "Roadway," and collectively, the "Roadways")) and to permanently remove barricades that they erected, or caused to be erected, to prevent access over the Roadways. Plaintiffs also seek a declaratory judgment that the Roadways are public roads and must be open and remain open for public access. Plaintiffs own homes and properties for which the only road access is via the Roadways.  The Plaintiffs' motion for preliminary injunctive relief has been fully briefed and is scheduled to be heard by Judge Conley on June 7, 2023 at 1:00 p.m.

Defendants have filed a motion to dismiss for the reasons described therein, which also has been fully briefed and will be heard by Judge Conley at the same time as Plaintiffs' motion for preliminary injunctive relief.

II.    **Joint Discovery Plan**

    A.    **Limitations on Discovery**

The parties have stipulated that Initial Disclosures under Rule 26(a)(1) will not be made in this action.  The parties intend to abide by the limitations on discovery provided in the Federal Rules of Civil Procedure, unless the parties stipulate otherwise or seek leave of the Court.  The parties do not anticipate a need to deviate from the normal practices of this Court with respect to discovery limits.

    B.    **Subjects and Timing of Discovery**

The Parties agree that discovery may be needed on the following subjects:

49420024v3

- History and application of the Federal-Aid Highway Act and the Tribal Transportation Program to the Roadways
- History and application of the Indian Right-of-Way Act and its regulations to the Roadways
- The Plaintiffs' knowledge and understanding of their alleged access to the Roadways
- The Defendants' knowledge, understanding, and actions in placing or causing to be placed restrictions upon the Roadways

The Parties agree that all discovery should be completed by May 31, 2024.

The Parties agree discovery does not need to be phased.

### C. Production of Documents (Format)

Electronic documents shall be produced in the form of text searchable, single-page, Bates numbered TIFF or pdf images. All Excel (or other electronic spreadsheet) files, PowerPoint (or other electronic slideshow) files, and photographic files, including any such files attached to emails, shall be produced in their native format. If load files are available to be provided, the following metadata fields shall be included in the load files to the extent the metadata is embedded in the individual electronic documents:

- DocId
- BegDocId
- EndDocId
- Document Type
- BEG ATTACH  (The same BegAttach number is coded for all records in a family. It is the first page of the first document in the family.)
- END ATTACH  (The same EndAttach number is coded for all records in a family. It is the last page of the last document in the family.)
- Author
- Filename
- Date Created
- Date Modified
- MD5Hash
- DateSent
- TimeSent
- Subject
- To
- From
- CC

49420024v3

- BCC
- File Source Location
- Doc Extension  (.xls, .doc, .pdf, etc.)
- Native Link  (to import any natively produced files)
- Text Path  (to import searchable .txt files)

The parties will make reasonable efforts to de-duplicate email files before production.

Non-electronic documents shall be produced as text searchable, single-page, Bates numbered TIFF or pdf images.  If load files are provided, the load files will include at least the following metadata fields:  DocId, BegDocId, and EndDocId fields.  Document images should be delivered as bates numbered, black & white, single page, Group 4, 300 dpi TIFF images.  Any color images should be delivered as JPEGs.

### D. Discovery of Electronically Stored Information

The parties have discussed the need to preserve electronically stored information ("ESI") and have alerted those persons most likely to have relevant information of the need to preserve it. The discovery of ESI shall proceed in accordance with the Federal Rules of Civil Procedure.

After initial document production, if additional documents are requested, the parties will make a good faith effort to agree upon a reasonable list of search terms and custodians to use in searching for responsive ESI, including without limitation responsive emails.  The parties agree to work in good faith to manage the relevancy and amount of data returned by search results and agree to work together to revise or narrow the keyword search terms or other parameters to reduce the amount of data searched or generated and/or to improve the relevancy of the data. The parties agree to confer in person or by telephone about additional electronic discovery parameters and to work in good faith to reach a resolution about the format of the production.

The parties have agreed to log material withheld from discovery on the grounds that they are protected by one or more applicable privileges, other than attorney-client or attorney work

product privileges.  The privilege log shall otherwise comply with the requirements of Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure.  The parties agree that the privilege log need not include an identification of attorney-client or attorney work product protected materials.

The parties have agreed that the inadvertent production of attorney-client privileged materials, work product privileged materials, or trial preparation materials shall not constitute a waiver of those protections.  In the event of the production of such protected information, the parties will follow the procedure set out in Rule 26(b)(5)(B).

### E. Electronic Service

The parties agree that documents that are served on another party, but are not filed with the Court, may be served by email, addressed to the attorneys of record for each receiving party.  Documents filed with the Court electronically will be deemed served when filed.

The parties agree that service by email or through electronic filing will be treated the same as service by hand-delivery; three additional days will not be added to any response date.

The parties agree that copies of all written discovery requests shall be provided and/or served electronically in Microsoft Word format, and that copies of all proposed findings of fact shall be provided and/or served electronically in Microsoft Word format.

### F. Expert Reports and Discovery

Expert discovery shall be handled pursuant to Rule 26 of the Federal Rules of Civil Procedure.

### G. Additional Discovery Matters and Confidentiality Order

The Parties agree that this case may involve the production of highly confidential medical, personal, and health information regarding the individual plaintiffs.  Consequently, the parties agree that it is appropriate and proper for the Court to enter a Confidentiality Order.

49420024v3

### III. Information Required Under the Court's Standing Order

#### A. Concise Statement of the Nature of the Case

*See supra* Part I.

#### B. Related Cases

The Parties are not aware of any related cases.

#### C. Material Factual and Legal Issues to be Resolved at Trial

The Parties agree the following material fact and legal issues must be resolved at trial, if not resolved in dispositive motions before that point:

- Whether the Defendants are entitled to sovereign immunity;
- Whether the Roadways are public and must be kept open to the public without restrictions on use;
- Whether the Defendants' actions or future anticipated actions are or will be a private nuisance;
- Whether the Defendants' actions or future anticipated actions are or will be a public nuisance

#### D. Amendments to the Pleadings

The Plaintiffs may seek to amend the Complaint to remove or add parties, pursuant to F.R.C.P. 15(a)(2).

#### E. Identity of New Parties to be Added

The Defendants, for the reasons detailed in their motion to dismiss, believe both the United States of America and the Lac du Flambeau Band of Lake Superior Chippewa Indians must, but cannot because of their sovereign immunity, be added to this case. The Plaintiffs disagree, for the reasons detailed in their response to the Defendants' motion to dismiss, that either the United States of America or the Lac du Flambeau Band of Lake Superior Chippewa Indians must or should be added to the case.

F.  **Estimated Trial Length**

The Parties estimate that a trial in this case would last approximately 5 days.

Dated this 15th day of May, 2023.

| | |
|---|---|
| Reinhart Boerner Van Deuren s.c.<br>N16 W23250 Stone Ridge Drive<br>Suite 1<br>Waukesha, WI 53188<br>Telephone:  262-951-4527<br>Facsimile:  262-951-4690 | Signed electronically by:<br><br>*/s/ David G. Peterson*<br>David G. Peterson<br>dgpeterson@reinhartlaw.com<br>Bridget M. Hubing<br>bhubing@reinhartlaw.com<br>Olivia J. Schwartz<br>oschwartz@reinhartlaw.com<br>Samuel C. Sylvan<br>ssylvan@reinhartlaw.com<br><br>*Attorneys for Plaintiffs* |
| Hogen Adams PLLC<br>1935 County Road B2 W.<br>Ste. 460<br>Saint Paul, MN 55113<br>Telephone: (651) 842-9100 | Signed electronically by:<br><br>*/s/ Andrew Adams III*<br>Andrew Adams III<br>aadams@hogenadams.com<br>Leah K. Jurss<br>ljurss@hogenadams.com<br>Samantha T. Hermsen<br>shermsen@hogenadams.com<br>Lorenzo E. Gudino<br>lgudino@hogenadams.com<br><br>*Attorneys for Defendants* |

49420024v3